UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

AYDA HUSAM AHMAD, individually;
HASSAN MOHAMMED, individually;
BASSAM GHAYYADA, individually;
AIMAN HOSSAN, individually;
JAMILA ABDEL HAY, individually;
M.H., a minor, by his father
And natural guardian AIMAN HOSSAN and his mother
And natural guardian JAMILA ABDEL HAY;
E.H., a minor, by his father
And natural guardian AIMAN HOSSAN and his mother
And natural guardian JAMILA ABDEL HAY;
Mayor ABDELKARIM BSHARAT,
Representative of Jabaa Mosque;
FATHER ARCHIMADRITE CLAUDIUS,
Representative of Monastery of the Cross;
NEMER FATHI, individually;
MONIR QADOUS, individually;
NAJEH SAFADI, individually;
BOROSOLI EID, individually;

                    Civil Action No:
                    13-CIV-3376 (JMF) (JLC)

                    **ECF CASE**

                Plaintiffs,

-against-


CHRISTIAN FRIENDS OF ISRAELI COMMUNITIES;
THE HEBRON FUND, INC.;
CENTRAL FUND OF ISRAEL;
ONE ISRAEL FUND, LTD.; and
AMERICAN FRIENDS OF ATERET COHANIM, INC.,

                Defendants.
_____X

## PLAINTIFFS' SUR-REPLY MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT

**MELITO & ADOLFSEN P.C.**
**233 BROADWAY**
**NEW YORK, NEW YORK 10279**
Tel. No.: (212) 238-8900
Fax: (212) 238-8999
lga@melitoadolfsen.com

*Of Counsel:*

*Louis G. Adolfsen, Esq.*
*S. Dwight Stephens, Esq.*
*Rania Shoukier, Esq.*
*Michael F. Panayotou, Esq.*

This Sur-reply addresses an issue that defendants acknowledge was omitted in their initial motion to dismiss, "*i.e.*, that under the law applicable in the Second Circuit claims cannot be brought against corporations under the ATS." (Defendants' Reply Memorandum at p. 5, citing the Court of Appeals decision in *Kiobel v Royal Dutch Petroleum Co.*, 621 F.3d 111, 117-123, 131-145 (2d Cir. 2010)). Before addressing this legal issue, this Court should be aware of the fact that at least one of the defendants, Central Fund of Israel, while at times perhaps representing that it is a corporation, appears to be unincorporated. *See* Plaintiffs' First Amended Complaint, ¶ 42.

The ATS is a jurisdictional statute. In *Kiobel,* the Second Circuit addressed whether the ATS confers jurisdiction over corporations and, in a sharply divided decision, concluded that it did not. That issue went to the United States Supreme Court. After two rounds of briefing and oral argument by the parties, the Court ultimately decided the issue based on the presumption against extraterritoriality. However, in doing so, Justice Roberts' decision for the Court concludes: "Corporations are often present in many countries, and it would reach too far to say that *mere corporate presence* suffices. If Congress were to determine otherwise, a statute more specific than the ATS would be required." 144 U.S. 1659, 1669 (emphasis added).

The clear implication from Justice Roberts' conclusion that "*mere* corporate presence" in the United States does not suffice to grant jurisdiction under the ATS is that "corporate presence" plus something more *does* suffice. This conclusion takes as a given that corporations can be liable under the ATS, which is likely why defendants' counsel "overlooked" the argument belatedly raised in defendants' reply.

This implication is consistent with the Supreme Court's disagreement with the basis for the Second Circuit's decision. While the District Court in *Kiobel* dismissed some of the

1

plaintiffs' claims for failure to state a claim under 12(b)(6), the Second Circuit dismissed all of the claims for a lack of subject matter jurisdiction under FRCP 12(b)(1) based on its conclusion that the ATS did not confer jurisdiction over corporations. 621 F.3d at 124, 149. The Supreme Court obviously had jurisdiction because it decided the case based on the presumption against extraterritoriality and, importantly, treated the issue of extraterritoriality as a 12(b)(6) issue going to the scope of the cause of action. *See Kiobel,* 133 U.S. at 1664-69. *See also* http://www.oyez.org/cases/2010-2019/2011/2011_10_1491 (*Kiobel* Oral Reargument).

At an absolute minimum, the Supreme Court's *Kiobel* decision casts doubt on the Second Circuit's conclusion on the corporate liability issue such that another panel of the Second Circuit may overrule the Second Circuit's *Kiobel* decision and adopt the position expressed in Judge Leval's dissent. *See In re Zarnel*, 619 F3d. 156, 168 (2d Cir. 2010).

Finally, it is important to note that the Second Circuit's majority opinion in *Kiobel* is at odds with the view of the other Circuit Courts that have addressed the issue since the Second Circuit's decision, all of which agree with Judge Leval's view. *See, e.g., Doe v. Exxon Mobil Corp.*, 654 F.3d 11, 40-57 (9th Cir. 2011); *Flomo v. Firestone National Rubber Co., LLC,* 643 F.3d 1013, 1017-21 (7th Cir. 2011); *Sarei v. Rio Tinto, PLC,* 671 F.3d 736, 747 (9th Cir. 2011), *vacated and remanded on extraterritoriality issue in light of Kiobel Supreme Court decision,* 133 S.Ct. 1995 (2013). *See also Baloco ex rel. v. Drummond Co., Inc.*, 640 F.3d 1338, 1344-45 (11th Cir. 2011).

## **CONCLUSION**

For the reasons set forth above, defendants' motion should be denied in its entirety.

Dated: New York, New York
       October 15, 2013

Respectfully Submitted,

**MELITO & ADOLFSEN P.C.**

By: *(signature)*

Louis G. Adolfsen (LA 5431)
*Attorneys for Plaintiffs*
233 Broadway
New York, New York 10279
Telephone: (212) 238-8900
Facsimile: (212) 238-8999
E-mail: lga@melitoadolfsen.com

S. Dwight Stephens (SS 2161)
Rania Shoukier (RS 7317)
Michael F. Panayotou (MP 7744)
E-mail: sds@melitoadolfsen.com
E-mail: Shoukier@arablegalusa.com
E-mail: mfp@melitoadolfsen.com

M&A 102207

3